UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FPK SERVICES LLC D/B/A HEALTHLABS.COM,** *ET AL.***;**<br><br>**Plaintiffs,**<br><br>v.<br><br>**JOHN DOES 1-10,**<br><br>**Defendants.** | Case No.: 20-CV-6141 YGR<br><br>**ORDER DENYING PLAINTIFFS' RENEWED *EX PARTE* MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY;**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION**<br><br>**DKT. NO. 12** |

Plaintiffs FPK Services, LLC dba HealthLabs.com, *et al.*, bring this renewed motion *ex parte* seeking leave to take expedited discovery after having filed an amended complaint. The Court has considered the renewed motion, supporting documents, and amended pleading in this action, and **DENIES** the motion for the reasons stated herein.

Relatedly, and for the same reasons set forth below, plaintiffs FPK Services LLC D/B/A Healthlabs.Com; Fiyyaz Pirani ;Mahvish Linares; and Travis Davis are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of personal jurisdiction.

Plaintiffs contend that this court has personal jurisdiction over the unnamed Doe defendant based on the following alleged specific contacts with California: (1) Doe 1 directed activities toward this Judicial District through the use of TextNow, and TextNow's "computers and servers located in this District" (First Amended Complaint, Dkt. No. 11, ¶ 8); and (2) Doe 1 unlawfully accessed and used plaintiff HealthLabs.com's computers, servers and/or data storage facilities located in this Judicial District in order to obtain the cellular phone numbers to send the harassing texts. (*Id.* ¶ 9.) In other words, plaintiffs argue that minimum contacts with a California forum are established because defendant: (1) wrongfully accessed a non-California resident plaintiff's servers in California, and (2) contacted plaintiffs by using an internet-based message transmission system

operated by a non-party company based in California. Plaintiffs offer no authority for either novel theory, nor do they appear to state a colorable basis for personal jurisdiction.

In the absence of an applicable federal statute concerning personal jurisdiction, the district court applies the law of the state in which it sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); Fed.R.Civ.P. 4(k)(1)(A). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.*

"[F]or a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction over a defendant: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). To determine whether a defendant purposefully directed its tortious activity toward the forum state, a court must apply the "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* This test examines whether: (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm the defendant knew would likely be suffered in the forum state. *Id.*

Here, plaintiffs' allegations that defendant improperly accessed HealthLabs.com's computer servers located in this district do not state, on their face, purposeful direction of the alleged activities to a California forum. "[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 291 (2014). "Such reasoning improperly attributes a plaintiff's forum connections to

the defendant. . . . [and] obscures the reality that none of [defendant's] challenged conduct had anything to do with [the forum] itself." *Id*. at 289; *see also Morrill v. Scott Financial Corporation*, 873 F.3d 1136, 1145 (9th Cir. 2017) (that mere fact that plaintiffs were from Arizona and some incidental harm could arise from defendant's actions in Nevada did not establish express aiming for an Arizona forum).

Thus, for example, where plaintiffs' claims under the Computer Fraud and Abuse Act were based upon an alleged computer "phishing" and "hacking" scheme, the fact that plaintiffs' computer servers were located in California was insufficient to establish that defendants had expressly aimed their conduct to a California forum. *Broidy Capital Mgmt., LLC v. Qatar*, No. CV 18-2421-JFW(EX), 2018 WL 9943551, at *7 (C.D. Cal. Aug. 22, 2018). The servers' location was "random," "fortuitous," or "attenuated" to defendants' alleged actions of hacking plaintiffs' accounts and obtaining confidential and private information. *Id*.

As in *Broidy*, the Court finds the allegations here insufficient to establish minimum contacts to support personal jurisdiction over defendant in California. Defendant's alleged intentional act was not "expressly aimed" at California, but instead was only randomly or fortuitously connected to California by virtue of HealthLabs.com's use of computer servers purportedly located in the state.

With respect to defendant's alleged use of the TextNow service to send messages to plaintiffs, such facts likewise do not state a sufficient basis for personal jurisdiction. Defendant's use of a third-party internet service headquartered in California to accomplish the wrongful conduct does not, on its own, establish minimum contacts with that forum. *Burdick v. Superior Court*, 233 Cal.App.4th 8, 13 (2015). In *Burdick*, a defendant posted defamatory statements on a social media website based in California. *Id*. The court there held that this allegation was "insufficient in itself to create the minimum contacts necessary to support specific personal jurisdiction in a lawsuit arising out of that posting," even when defendant knew that plaintiff, the target of the defamatory post, resided in California. *Id*. "[I]t is necessary that the nonresident defendant not only intentionally post the statements on the [social media] page, but that the defendant expressly aim or specifically direct his or her intentional conduct *at the forum*." *Id*. "[T]he exercise of personal

3

jurisdiction must be based upon forum-related acts that were personally committed by the nonresident defendant, not upon the *plaintiff's contacts with the forum* or acts committed by codefendants or *third parties*." *Id.* (emphasis supplied).

The Court notes that Rule 45 of the Federal Rules of Civil Procedure permits a party to serve a subpoena anywhere in the United States. Fed. R. Civ. P. 45(b)(2). Only in the event that the party must compel compliance with the subpoena outside the jurisdiction of the issuing court would a petition in the *compliance* court be necessary. *See* Fed. R. Civ. P. 45 (c), (d), (e), (f) (court for the district where compliance is required enforces duty to avoid imposing undue burden or expense and hears motions to quash or modify unless exceptional circumstances warranting transfer to issuing court). Such enforcement motions for cases not pending in this district are brought by the filing of a miscellaneous action.

For the foregoing reasons, the Court finds that plaintiffs have failed to allege a basis for jurisdiction and it appears the First Amended Complaint herein should be dismissed.

The motion for expedited discovery is **DENIED**.

Plaintiffs are **DIRECTED** to file a response to the Order to Show Cause no later than **October 23, 2020**.

The Court **SETS** a compliance deadline on the Court's 9:01am calendar for **October 30, 2020**, as a placeholder. No appearance will be required at that time. Should the Court find a hearing is necessary, it will provide further notice of the time and date for a hearing via videoconference on the Zoom platform.

This terminates Docket No. 12.

**IT IS SO ORDERED**.

Date: October 8, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4